Martin, J.
delivered the opinion of the court. The plaintiff’s claim of privilege, as a builder, is resisted on the ground that the contract on which it accrued was not registered in the office of the recorder of mortgages, until three months after its date.
There was judgment for him, and the syn-dics appealed.
The act of 1813, c. 29, 1 Martin's Digest, 704, requires that all liens of any nature whatever, having the effect of a legal mortgage, shall be recorded within ten days. That of Fébruary 18, 1817, provides, that in all cases exceeding $500, no architect, or any other workman, shall enjoy, with regard to a third party, any privilege, or legal mortgage, unless he shall have entered into a written contract, and the same shall have been recorded within the time prescribed by law.
The plaintiff’s counsel urges that the contract, having been recorded under a judge’s order, under the provisions of the statute, Civil Code, 453, art. 63, has effect against third *438 persons, from the day of the record : whilst the defendant’s counsel urges that the act of 1817 requires that contracts of this kind be recorded under the act of 1813, within ten days.
In Lafon vs. Sadler, 4 Martin, 476, we held that the notarial act was only the evidence of a fact from v^hich the plaintiff’s privilege resulted; in the present case the writing is of the very essence of the appellee’s.
Lafon having built Godwin’s house, had ipso facto, by law, a tacit lien. His having reduced to writing the contract, which fixed the manner in which the house was to be built, and the payment effected, did not create his right. Having a lien by law, and made a contract which did not modify his right, he was allowed to avail himself of his stronger title, that which resulted from the law.
Here the plaintiff’s lien is not independent from the writing; for the writing is of the very essence of it. On the writing, although no lien be mentioned therein, the law raises a lien, which the contract would not give (even if it was stipulated) without being reduced to writing.
Lafon’s notarial act was not necessary to his recovery, therefore, Godwin could not re *439 sist its introduction. Here the writing is es- ° sential to the plaintiff’s recovery, and the defendant may resist its introduction, unless it has been recorded according to law.
The writing here is perfectly of the nature of most of those mentioned in the act of 1813. Securities furnished by tutors, persons employed in the service of the state, marriage contracts, judgments, awards : instruments in which no mortgage is stipulated for, but in which the law raises a tacit one.
The statute of 1817 is not evidence that the legislature, of that year, thought that the intention of that of 1813 had been mistaken in the case of Lafon vs. Sadler; but it shews that they discovered that the former act required to be amended. For they left the operation of the decis;oa in that case in its full effect, on cases of building contracts, under the value of $500.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the rule taken on the defendants on the 8th of March last, to shew' cause why the house should not be sold for cash (or so much there *440 of as shall be necessary) to satisfy the plain- - - . . „ tin s claim, be discharged: and it is lurther ordered that the defendants pay costs in both
Hoffman for the plaintiff, Carleton for the defendants.